NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0305n.06

Case No. 21-4199

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| KELLEY NUTTALL, | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jul 26, 2022 |
|  | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| PROGRESSIVE PARMA CARE CENTER, LLC | ) | COURT FOR THE |
| dba Parma Care Center, | ) | NORTHERN DISTRICT OF |
|  | ) | OHIO |
| Defendant-Appellee. | ) |  |

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Kelley Nuttall missed work for three weeks because of a viral upper-respiratory-tract infection. When she tried to return to her job as an activities director at Parma Care Center, her supervisor told her that she had been replaced. She then filed a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, alleging that Parma Care Center unlawfully interfered with her statutory rights by failing to provide adequate notice of her obligations. But Nuttall does not present evidence that the center interfered with her right to take FMLA leave. So we affirm the district court's grant of summary judgment to Parma Care Center.

I.

After Kelley Nuttall contracted an infection in March 2020, her doctor advised her to stay home for 10 days. She also had been exposed to COVID-19, so the Cuyahoga County Board of

Health advised her to quarantine until she was "deemed non-communicable by the Health Commissioner and therefore no longer pose[d] a substantial threat to the health of the public." The order recommended isolation until she was symptom-free for 72 hours and until 7 days after her symptoms first appeared.

On the same day she learned that she needed to stay home and quarantine, Nuttall alleges that she texted her supervisor, Matthew Johnson, to let him know that she would need time off work. Four days later, she also emailed Parma Care Center's Director of Human Resources, Debbie Davis, about her absence from work. Davis allegedly advised Nuttall to use her vacation time and to file for unemployment. On April 7, Nuttall contacted her doctor to ask him to send a letter stating that Nuttall should be permitted to continue quarantine. Davis never received the letter, and it is not clear it was ever sent.

But Nuttall kept contacting Parma Care Center about her continuing absence. On April 10, she emailed Johnson about her concerns about contracting COVID-19 and her hesitancy to return to work. Six days later, she sent Johnson another email to tell him that she had not yet been cleared to return to work. At her appointment the next day, Nuttall's doctor told her that she was cleared to return to work. Nuttall contends that she told Johnson that day, by voicemail, that she would be returning to work, but Johnson let her go, informing her that "[w]e are all set here as far as the activities department goes." In fact, Johnson had already posted an advertisement to fill Nuttall's position.

Nuttall then brought a claim against Parma Care Center for interference in violation of the FMLA, alleging that she suffered a "serious health condition" and that the center did not provide her with the requisite FMLA notices or period of leave, which resulted in her termination. The district court granted summary judgment to Parma Care Center, holding that Nuttall failed to

establish a prima facie case of FMLA interference. It pointed to Nuttall's lack of evidence that she provided Parma Care Center sufficient notice of her intent to take FMLA leave, and it determined that the center met all of its notice obligations. The district court held that Nuttall did not demonstrate how Parma Care Center's alleged failure to provide FMLA paperwork in 2020 "interfered with her ability to pursue FMLA leave." Nuttall timely appealed.

II.

"We review a district court's grant of summary judgment de novo." *Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019) (citations omitted). And we affirm a grant of summary judgment if there is "no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When conducting our review, we construe factual evidence and "all reasonable inferences . . . in favor of the nonmoving party" in the event of a genuine dispute. *Jackson*, 925 F.3d at 806 (citations omitted).

We need only decide whether Nuttall can make a prima facie claim that Parma Care Center interfered with her rights in violation of the FMLA. "The FMLA entitles qualifying employees to up to twelve weeks of unpaid leave each year if, among other things, an employee has a 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005) (quoting 29 U.S.C. § 2612(a)(1)(D)). After taking leave, the employee has a right to be reinstated to her previous position or "to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1)(B). Section 2615 of the FMLA prohibits "covered employers from interfering with, restraining, or denying the exercise of their employees' rights under the statute." *Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006) (citing 29 U.S.C. § 2615(a)(1)).

To prevail on an interference claim, Nuttall must establish all five elements for a prima facie case:

> (1) she was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) she was entitled to leave under the FMLA, (4) she gave the employer notice of her intention to take leave, and (5) the employer denied the employee FMLA benefits to which she was entitled.

*Id.* (cleaned up). Failure to prove any one of the elements is fatal to Nuttall's claim. *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007); *see also Arban v. West Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003) ("Because the issue is the right to a[n FMLA] entitlement, the employee is due the benefit if the statutory requirements are satisfied, regardless of the intent of the employer.").

Nuttall argues that she put Parma Care Center on notice of her intention to take FMLA leave, fulfilling element four. An employee "gives sufficient notice when she provides enough information for the employer to reasonably conclude that leave is needed for a serious health condition." *Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 572 (6th Cir. 2010) (internal quotation and alteration omitted). A "serious health condition" is an illness that involves "continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(B). Illnesses like the common cold and the flu, which can be treated with bed rest, fluids, and over-the-counter medication, generally do not qualify as serious health conditions. 29 C.F.R. § 825.113(c)–(d). "Calling in 'sick' without providing more information will also not be considered sufficient notice to trigger an employer's obligations under the Act." *Id.* § 825.303(b).

Nuttall contends that she informed Parma Care Center of her intent to take FMLA leave when she texted Johnson: "Per my doctor[,] I have to be quarantined for 2 weeks and I have a number to give to HR (Debbie) to let him know what she needs from him in regards to this." She states that she also followed up this text message with an email asking Davis if she needed any

other paperwork from her doctor. She also provided an isolation order from the Cuyahoga County Board of Health to Parma Care Center. But she told them nothing about the severity of her illness—which in fact did not require continuing treatment by her doctor. *See id.* § 825.115(a)(1). Even 10 days later, when she reached out to work again, she asked about how the staff were being protected at work and how many positive cases were at the facility. She reiterated her preference to work from home but provided no other information about her illness. And finally, on April 17, she told Johnson that her doctor had cleared her and that she was ready to return to work, but nothing else. In short, Nuttall gave no indication that she sought time off because she had a serious health condition that incapacitated her. She thus cannot make out a prima facie case that Parma Care Center interfered with her rights under the FMLA.

Furthermore, an employee may meet element five by proving that her employer failed to provide written notice of FMLA eligibility within five business days after she requested FMLA leave or after the employer "acquire[d] knowledge that an employee's leave may be for an FMLA-qualifying reason." *Id.* § 825.300(b)(1), (e). The notice must detail "the specific expectations and obligations of the employee and explain[ ] any consequences of a failure to meet these obligations." *Id.* § 825.300(c)(1). But the employer's issuance of notice requires that the employee first submit a certification from the employee's health-care provider on her "serious health condition." And ultimate success on the employee's claim hinges on whether the employee can prove that "the employer's violation caused [her] harm." *Wallace v. FedEx Corp.*, 764 F.3d 571, 585 (6th Cir. 2014) (cleaned up).

Parma Care Center argues that because it provided FMLA notices to Nuttall in August and September 2019 (when she requested a prior FMLA leave), it had no obligation to provide Nuttall further notices in March 2020. Thus, the question before us for element five is whether Parma

Care Center's lack of FMLA notice in March 2020 interfered with Nuttall's right to take FMLA leave.

When "an employee provides notice of a subsequent need for FMLA leave" within 12 months "due to a different FMLA-qualifying reason, and the employee's eligibility status has not changed, no additional eligibility notice is required." *Id.* § 825.300(b)(3). After a different injury in August 2019, Nuttall states, she did not take FMLA leave but completed FMLA paperwork and was notified of her FMLA eligibility at that time. *See* FMLA Form, R. 16-13, PageID 226–29; *see also* Nuttall Dep., R. 16-1, PageID 101–02. So Parma Care Center argues that the sufficient notice it provided in 2019 remained sufficient in March 2020. Nuttall, however, argues a different timeframe should apply. In her view, the new calendar year meant Parma Care Center had to provide new notice. She points to 29 C.F.R. § 825.200(b), which states an employer may choose one of four methods for determining the 12-month period in which the FMLA 12-week-leave entitlement occurs. If the employer does not select one, the option "that provides the most beneficial outcome for the employee" is used. 29 C.F.R. § 825.200(e). And, "[h]ad either Johnson or Davis provided her with FMLA paperwork, she would have completed it."

But Nuttall has not presented evidence that a FMLA notice in 2020 would have made a difference. Her choice in 2019 to fill out the FMLA paperwork—even though she states she did not ultimately take FMLA leave—is evidence that she knew her FMLA rights and the FMLA process. And without taking FMLA leave in 2019, no 12-month period could start, so the calculation method chosen by Parma Care Center is irrelevant. Simply put, Nuttall's failure to provide evidence that Parma Care Center's lack of notice in the 2020 calendar year precluded her from completing the same paperwork again for her respiratory illness is fatal to her claim. Her

knowledge of her FMLA eligibility in 2019 precludes the possibility of harm, even if the center had to provide notice.

Because Nuttall cannot prove that Parma Care Center's alleged lack of notice actually caused her harm, she cannot prove yet another one of the elements needed for a prima facie case of FMLA interference, and her claim fails. We need not address the other elements.

## III.

We affirm the district court's grant of summary judgment to Parma Care Center.